IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LATIEF YOUNG, ERIC COXRY, | ) |
| Plaintiffs, | ) 1:23-CV-00358-SPB |
| vs. | ) United States District Judge<br>) Susan Paradise Baxter |
| GEORGE M. LITTLE, LAUREL R. HARRY, IAN GUSTAFSON, S. SHAFFER, DEPARTMENT OF CORRECTIONS, | ) United States Magistrate Judge<br>) Christopher B. Brown |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

### I.     Recommendation

This civil action was initiated by, *inter alia*, Plaintiff Latief Young ("Young") alleging violations of his constitutional rights in connection with his conditions of confinement while in the custody of the Pennsylvania Department of Corrections ("DOC") State Correctional Institution at Forest ("SCI-Forest").

For the reasons below, it is respectfully recommended that Young's claims be dismissed with prejudice for failure to prosecute and his motion for preliminary injunction ECF No. 26 be denied as moot.

1

## II.     Report

This action was initiated on December 18, 2023 by Plaintiffs Young and Eric Coxry[1] alleging that changes in DOC policy resulted in them not being able to procure certain foods to observe their religious holidays and infringed upon their constitutional rights.  Young filed a motion for preliminary injunction on October 16, 2024 seeking the court to issue injunctive relief for him to procure religious meals. ECF No. 26.  This case was stayed on December 20, 2024 because of ongoing duplicative litigation in this Court that was on the eve of trial and related to this same policy and claims at issue in this case. ECF No. 35.  On March 4, 2025, the Court scheduled a telephone status conference for March 20, 2025 with the parties to address the status of the case. ECF No. 41.  On March 6, 2025, defense counsel filed a notice with the Court that Young was paroled and no longer in DOC custody. ECF No. 42.  Young failed to appear at the March 20, 2025 telephone status conference. ECF No. 46.  Thereafter, the Court issued a show cause order for Young's failure to appear and failure to update the Court of his current address. ECF No. 49.  Defense counsel procured a forwarding address for Young, and the show cause order was sent to that address.[2] ECF No. 49 at 2.  Young was ordered to respond to the show cause order by April 25, 2025. *Id*.  He has failed to do so and has taken no other action in this case.

---

[1]     This recommendation pertains to Young's claims only.  Plaintiff Coxry has been actively litigating this case, and is scheduled to participate in a court-sponsored mediation. Nothing in this recommendation should be construed as recommending dismissal of Coxry's claims, or impacting his claims in any way.

[2]     No mail sent by the Court to Young at this address was returned as undelivered.

2

Given his failure to appear at a Court conference, and his failure to respond to the show cause order or take any other action in this case, Young has seemingly abandoned his claims. A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case, whether the plaintiff is proceeding pro se or otherwise, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with an order of court. The United States Court of Appeals for the Sixth Circuit has commented that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to comply with a court order or engage in the prosecution of their case is not the same as "inartful pleading or [a] lack of legal training." *Id*. at 110.

In deciding if a case should be dismissed for the plaintiff's failure to prosecute, a court must consider the factors set forth by the United States Court of

3

Appeals for the Third Circuit in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors include:

    (1) The extent of the party's personal responsibility;

    (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    (3) A history of dilatoriness;

    (4) Whether the conduct of the party or the attorney was willful or in bad faith;

    (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    (6) The meritoriousness of the claim or defense.

*Id*.

Considering these factors, it is respectfully recommended that Young's failure to prosecute this case, failure to appear at Court scheduled conferences and failure to comply with Court orders warrants dismissal. Factor 1 weighs heavily in favor of dismissal because he is proceeding pro se and bears the sole responsibility for prosecuting his claims. Likewise, Factor 2 weighs heavily in favor of dismissal because Young's failure to litigate this case frustrates and delays a resolution of this action and prejudices Defendants who cannot meaningfully defend this case where Young refuses to meaningfully participate in the judicial process. Factor 3 weighs in favor of dismissal. While Young does not have a protracted history of dilatoriness, he has failed to appear at a Court conference and has failed to respond to the Court's show cause order. This is sufficient evidence to indicate Young no longer desires to proceed with this action. Moreover, Young was informed that his

failure to respond to the show cause order would result in the Court recommending dismissal of his claims.  Factor 4 likewise weighs in favor of dismissal.  While nothing on the record appears that Young's failure to prosecute this case is due to bad faith, there is no indication that his failure to appear and comply with Court orders was the result of any excusable neglect so the conclusion that his failure to do so is willful is inescapable.  Factor 5 also weighs in favor of dismissal, as there are no alternative sanctions which would adequately punish Young for his failure to prosecute his case and comply with Court orders.  Imposing a monetary sanction against Young who is proceeding *in forma pauperis* would not be effective as he appears impecunious.  Factor 6 is neutral, as it is not readily apparent whether the claims have any merit. But not all the *Poulis* factors "need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

On balance, two factors weigh heavily in favor of dismissal, three factors weigh in favor of dismissal and one factor is neutral. Given this, it is respectfully recommended that the Court dismiss this action for failure to prosecute and dismiss Young's claims with prejudice pursuant to Fed. R. Civ. P. 41(b).  It is further recommended that Young's pending motion for preliminary injunction ECF No. 26 be denied as moot.[3]

---

[3] Additionally or alternatively, Young's motion for preliminary injunction should be denied as moot given his release from DOC custody. *Mollett v. Leith*, 2011 WL 5407359, at *13 (W.D. Pa. Nov. 8, 2011*), aff'd sub nom., Mollett v. Leicth*, 511 F. App'x 172 (3d Cir. 2013) ("an inmate-plaintiff's transfer to another prison, or his release, moots a request for declaratory or injunctive relief.").

### III.    Conclusion

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until **May 22, 2025** to object to this report and recommendation.    Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Unless otherwise ordered by the District Judge, responses to objections are due fourteen days after service of the objections.

A copy of this Report and Recommendation will be mailed to Latief Young c/o Self Help (124), 2600 Southampton Road, Philadelphia, PA 19116.

DATED this 2nd day of May, 2025.

                                                  Respectfully submitted:

                                                  s/Christopher B. Brown
                                                  United States Magistrate Judge

cc:     Honorable Susan Paradise Baxter
        United States District Judge
        *via CM/ECF electronic filing*

        Latief Young
        c/o Self Help (124)
        2600 Southampton Road
        Philadelphia, PA 19116

        ERIC COXRY
        LC6911
        SCI FOREST
        P.O. Box 945
        286 Woodland Drive
        Marienville, PA 16239